**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOSEPH OLLIE DEVILLE** | **CIVIL ACTION NO. 04-0614** |
| -vs- | **JUDGE LITTLE** |
| **UNITED STATES OF AMERICA, ET AL.** | |

**RULING AND ORDER**

Before the court is a motion to set aside settlement filed in letter form on 28 October 2005 by plaintiff Joseph Ollie Deville ("Deville") [Doc. #42]. On 2 November 2005, two of the defendants, Arthur Carl Plautz, Jr., M.D. ("Plautz") and CHG Companies, Inc. d/b/a Comphealth ("Comphealth"), filed a combined motion to enforce settlement and response to the motion to set aside settlement [#44]. On 7 November 2005, Deville's former counsel, John Morton, filed an intervenor complaint [#49].

On 17 November 2005, this court issued an order scheduling a hearing on the matter for 9 January 2006 [#51]. On 18 November 2005, the government filed a combined response to the motion to set aside settlement and the motion to enforce settlement [#52]. On 22 December 2005, Deville responded to the motion to enforce settlement in letter form [#53].

On 9 January 2006, this court held a hearing on the matter. By agreement, the record remained open pending the deposition of Bernard H. McLaughlin, Jr., the mediator. A transcript of this deposition, conducted on 17 January 2006, was filed into the record by defendants Plautz and Comphealth on 31 January 2006 [#57].

## BACKGROUND

After he experienced alleged professonial mishandling at the Veterans' Admistration hospital in Alexandria, Louisiana, Joseph Ollie Deville sued that institution. Neither the details of his complaint nor the defenses asserted by the various defendants are of any moment to this decision. The gravamen of our inquiry concerns the settlement of the case, which settlement is subject to attack by Deville. It is not disputed that the parties, each being represented by counsel, entered into mediation. It is also undisputed that settlement documents were signed by the parties and their attorneys at the conclusion of the mediation.

Deville, evidently miffed with his lawyer, wrote this court, in effect stating that the settlement was not voluntary. In fact, according to Deville, the settlement was coerced. Counsel for the obligors advised the court in writing that the settlement was valid and that Deville should be admonished to do what he promised to do, *i.e.*, receive the money and execute the final release documents.

## LEGAL STANDARDS

Persons, by contract of transaction or compromise, may settle any differences they may have that are the subject of a lawsuit or that could result in litigation. See LA. CIV. CODE ANN. arts. 3071, 3073. Accordingly, "well established is the rule that parties may enter into transactions or compromises which settle litigation by mutual consent." Matthew v. Melton Truck Lines, Inc., 310 So.2d 691, 692 (La. Ct. App. 1975). A compromise agreement requires no cause or consideration other than an adjustment of differences and avoidance of litigation. Perault v. Time Ins. Co., 633 So. 2d 263, 267 (La. Ct. App. 1993).

A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when they reached the compromise. Perault, 633 So. 2d at 268; Tarver v. Oliver H. Van Horn Co., 591 So. 2d 1366, 1369 (La. Ct. App. 1991), cert. denied, 594 So. 2d 891 (La. 1992). To be unambiguous, a compromise must be made by mutual consent and be reduced to writing or must be recited in open court and capable of being transcribed from the record of the proceeding. LA. CIV. CODE ANN. art. 3071; Perault, 633 So. 2d at 268; DeSoto v. DeSoto, 694 So. 2d 1043, 1045 (La. Ct. App. 1997).

"The law strongly favors compromise agreements between parties and will not invalidate such settlements absent a strong showing that they violate good morals or the public interest because of error, bad faith, or fraud." Hoover v. Boucvalt, 747 So.2d 1227, 1231 (La. Ct. App. 1999). "[F]raud or violence (duress)" are bases under which to set aside a settlement. Id. at 1230; see also State v. Southern Baptist Hosp., 663 So.2d 443, 448 (La. Ct. App. 1995) ("Compromise settlements are not invalidated lightly in absence of bad faith, error, or fraud."). Here Deville alleges duress in that his lawyer would not allow him to leave the mediation that led to the settlement.

## DISCUSSION

This court ordered a hearing to field Deville's complaint and the response from the defense. At that hearing, held on 9 January 2006, all parties were present. Deville was the only unrepresented party that participated in the proceeding. Those that testified included John Morton ("Morton"), Deville's attorney at the time of settlement, and Deville himself. Morton testified that he did not block Deville's way or impede his ability to leave the

3

mediation conference at any time. Deville conducted a searching cross examination of Morton. He then testified himself, stating that Morton would not allow him to leave a particular room during the mediation and that therefore his agreement to settle was made under duress. As noted above, the record remained open pending the deposition of the mediator. That deposition has now been taken, transcribed, and filed in the record [#57]. Here again, Deville appeared at the deposition and was most vocal in sharing his recollection of the mediation event. The mediator's deposition testimony supported Morton's version of the facts and conflicted with Deville's.

After full record review, we decline to set aside the settlement confected subsequent to the mediation. The events that Deville described that sapped his free will and colored his concurrence in the settlement are not supported by the testimony of any other party to the mediation. Invasive knee surgery visited upon Deville a few days prior to the mediation inhibited his walking. He never, however, requested a recess or a postponement. He was free to depart at any time and did not do so. True, he complains that his lawyer physically impeded his departure, but not one person at the mediation supports that charge. The court is impressed with the uncontroverted fact that Deville could have exited the mediation on any number of occasions and did not do so.

In the court's opinion, Deville is a savvy, articulate, and intelligent businessman. He was represented by able counsel of his choosing. He entered into a compromise of a disputed claim with full knowledge of the consequences of that settlement. He has failed to meet the burden required in order to set aside the settlement in this matter.

4

## **CONCLUSION**

The motion to set aside settlement [#42] filed by Deville is DENIED, and the motion to enforce settlement [#44] filed by Plautz and Comphealth is GRANTED. Deville is ORDERED to accept receipt of the settlement funds and execute the final release documents.

Alexandria, Louisiana

15 February 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE